UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JESSE HUNTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:075CV917 HEA |
| | ) |
| LINDA M. SPRINGER and | ) |
| THE OFFICE OF PERSONNEL | ) |
| MANAGEMENT, | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss or in the Alternative, Motion for Summary Judgment, [Doc. No. 8]. Plaintiff has responded to the motion. For the reasons set forth below, Defendants' motion is granted.

**Facts and Background**

On May 8, 2007, this Court held a hearing on Plaintiff's Motion for a Temporary Restraining Order (TRO), wherein Plaintiff sought an immediate determination and payment of his disability retirement benefits from Defendant based upon his federal employment with the Defense Contract Management Agency. Plaintiff's TRO motion was denied, because this Court concluded that it lacked jurisdiction.

Defendants now move to dismiss Plaintiff's Complaint for lack of

jurisdiction, arguing that it is a duplicate of his TRO motion. Defendants claim that Plaintiff's Complaint seeks no additional relief, makes no additional allegations, and that, therefore, Plaintiff's Complaint suffers from the same jurisdictional defects which mandated the dismissal of his motion for TRO. This Court agrees.

## Discussion

In his Complaint, Plaintiff claims he is entitled to the immediate payment of his disability retirement benefits. This case is virtually identical to one in which Plaintiff sued Defendants for retirement benefits. On December 14, 2005 the Court granted Defendants' Motion to Dismiss. Plaintiff appealed and the Eighth Circuit Court of Appeals affirmed the dismissal on February 14, 2007. Plaintiff now seeks disability retirement benefits. For the same reasons that the Court dismissed Plaintiff's previous case, this case must also be dismissed: this Court lacks subject matter jurisdiction over Plaintiff's claims. Plaintiff must first exhaust his administrative remedies before the Merit Systems Protection Board (MSPB). He may then seek relief from the United States Court of Appeals for the Federal Circuit, as it is the exclusive judicial forum governing claims for benefits under the CSRS. 5 U.S.C. § 7703(b)(1). As this Court previously noted, Section 7703(b)(1) provides:

> Except as provided in paragraph (2) of this subsection, a petition to review a final order or final decision of the [Merit Systems Protection Board] shall be filed in the United States Court of Appeals for the

Federal Circuit.

Section 7703(b)(1) is also referenced in a complimentary statute, 28 U.S.C. § 1295(a), which provides in relevant part:

>    (a) The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction—
>
>    (9) of an appeal from a final order or final decision of the Merit Systems Protection Board, pursuant to sections 7703(b)(1) and 7703(d) of title 5;

*See also Lindahl v. Office of Personnel Management,* 470 U.S. 768, 792 (1985) (Sections 1295(a)(9) and 7703(b)(1) together appear to provide for exclusive jurisdiction over MSPB decisions in the Federal Circuit, and do not admit any exceptions for disability retirement claims). Even if Plaintiff were able to demonstrate that he had, in fact, exhausted his administrative remedies, exclusive jurisdiction over an appeal from a decision of the MSPB would be properly before the United States Court of Appeals for the Federal Circuit

. In his Complaint, Plaintiff states that "Defendants [sic] constructive willfulness [sic] action and lack of accountability are discriminatory for protective reasons covered under title VII of the civil rights act of 1964 as amended but not limited to age discrimination and american disabilities act..." To the extent that Plaintiff is seeking to bring a Title VII action, the Complaint must be dismissed for

3

failure to state a claim. Plaintiff's single vague allegation fails to satisfy Rule 8 of the Federal Rules of Civil Procedure in that it does not contain a short and plain statement of the claim showing that Plaintiff is entitled to relief. Under the standards for dismissal for failure to state a claim, Plaintiff's Complaint must be dismissed.

The purpose of a motion to dismiss is to test the sufficiency of the complaint. On May 21, 2007, the Supreme Court determined that *Conley v. Gibson's*, 355 U.S. 41, 45-46 (1957), "no set of facts" language "has earned its retirement." *Bell Atlantic Corp. v. Twombly,* --- U.S. ----, ----, 127 S.Ct. 1955, 1969 (May 21, 2007). Noting the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" the Supreme Court held that a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic,* 127 S.Ct. at 1964-65, 1974. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. The Supreme Court explained that this new standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.*

When considering a motion to dismiss, courts are still required to accept the complaint's factual allegations as true. *Id.* at 1965. All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). "In considering a

motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir. 1997).

Plaintiff's sole conclusory statement that Defendants' actions are discriminatory is insufficient to state a claim upon which relief may be granted. Thus to the extent Plaintiff is seeking relief pursuant to Title VII, the Complaint must be dismissed for failure to state a claim.

Plaintiff submitted a response to Defendants' Motion. In this response, Plaintiff raises, for the first time, the Whistleblower Protection Act, . Plaintiff's Response is an extensive quotation from 5 U.S.C. § 1213 and Section 36.501, *et seq*. Plaintiff's response, however, fails to advise either the Court or Defendants the reasoning behind this quotation. To the extent that Plaintiff is attempting to now state a claim under the Whistleblower Protection Act of 1989, the claim must be dismissed pursuant to 5 U.S.C. § 1214(a)(3), which requires Plaintiff to first seek relief before the Office of Special Counsel, (OFC). After OSC investigates, it may petition the Merit Systems Protection Board (MSPB) on the employee's behalf if it finds a violation. 5 U.S.C. §§ 1214(a)(3),(4), 1221. If the OSC does not find a violation, the employee may seek review before the MSPB.

Plaintiff's Original Complaint fails to even raise the Whistleblower Protection

Act. If Plaintiff is attempting to amend his Complaint, the mere recitation of the statute is insufficient to state a claim under Rule 8, and it further fails because of Plaintiff's failure to exhaust his administrative remedies under the statute and the Complaint's failure to set forth any exhaustion. Under the standard articulated in Twombly, Plaintiff's "amendment" fails to state a claim upon which relief may be granted.

Plaintiff's Response also makes a single vague reference to the Fourteenth Amendment and the Equal Protection Clause. The Court is unable to ascertan what Plaintiff is claiming, however, as Defendant correctly argues, absent a waiver of sovereign immunity, the United States cannot be sued. Plaintiff fails to set forth any basis upon which he can bring these constitutional challenges against the United States in this action. See *Gergick v. Austin*, 997 F.2d 1237, 1239 (CSRA provides the exclusive remedy for government employee's wrongful discharge claim, including claims asserted under Federal Tort Claims Act and Whistleblower Protection Act). Plaintiff has failed to follow the procedures set forth in the CSRA. As such, Plaintiff's Fourteenth Amendment and Equal Protection Clause claims must be dismissed.

## **Conclusion**

This Court lacks jurisdiction over Plaintiff's claim for disability retirement

benefits, and the Complaint must therefore be dismissed.  In the event Plaintiff is seeking recovery under Title VII, the Complaint fails to state a claim upon which relief may be granted, and the Complaint must be dismissed.  Likewise, in the event that Plaintiff is seeking relief under the United States Constitution, the Court once again lacks jurisdiction; Plaintiff has failed to demonstrate to the Court there has been a waiver of sovereign immunity and further, Plaintiff's exclusive remedies are available only through the CSRA.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss or For Summary Judgment, [Doc. No. 8], is granted and this matter is dismissed.

Dated this 2nd  day of August, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE